UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAVIER ALVAREZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF CONNECTICUT, et al,<br><br>　　　　　　Defendants. | Civil No. 3:24-cv-1710-VAB |

ORDER ON PLAINTIFF'S
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Javier Alvarez ("Plaintiff'), is an inmate at the Brooklyn Correctional Institution in the custody of the Connecticut Department of Correction. Mr. Alvarez filed his Complaint in this civil rights action on October 25, 2024. He has applied for leave to proceed *in forma pauperis* – in other words, he asked for permission to begin a civil lawsuit without pre-paying $405 in filing and administrative fees.

For the following reasons, his application is **DENIED**.

A federal law allows inmates to commence civil actions without pre-paying the filing fee when they submit affidavits showing that they are "unable to pay." 28 U.S.C. § 1915. The Supreme Court has explained that an *in forma pauperis* affidavit "sufficient[ly]" demonstrates an inability to pay when it shows that the applicant "cannot because of his poverty pay or give security for the costs and still be able to provide himself and [his] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). While the applicant does not need to prove absolute destitution, *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983), the inmate

does need to show that pre-paying the fee would "constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007).

In applying the "necessities of life" standard in the prison context, courts take note of the fact that many of a prisoner's necessities are provided by the Department of Correction. As the Second Circuit has explained, "what constitutes the 'necessities of life' that must be purchased is obviously different for prisoners, most of whose necessities are paid for by the jurisdiction that incarcerates them." *In re Epps*, 888 F.2d 964, 967 (2d Cir. 1989). As a result, inmates "with modest cash reserves are not paupers within the intendment of 28 U.S.C. § 1915(a) for the purpose of filing fees, initial service of process costs and the like." *Temple v. Ellerthorpe*, 596 F. Supp. 848, 850 (D.R.I. 1984). Applying these principles, one court denied an *in forma pauperis* application from an inmate with $1,461.00. *Cruz v. Dorzco*, No. 3:20-cv-01435, slip op. (D. Conn. Apr. 27, 2021). Another court denied *in forma pauperis* status to a prisoner with a spendable balance of $1,000.61. *Hill v. Cook*, No. 3:21-cv-00239, slip op. at 2 (D. Conn. Mar. 12, 2021). Both cases emphasized that these prisoners did not bear the cost of room and board, and additionally had no dependents.

Yet, while the standard for inmates is different, it does not mean that prisoners will never have occasion to spend money on life's necessities. As the Second Circuit recently explained in *Rosa v. Doe*, "prisoners may well have financial obligations that warrant consideration" including "medical debts, court fines, student loans" and "support for dependents." 86 F.4th 1001, 1009-1010 (2d Cir. 2023). The court reasoned that a prisoners' incarceration does not negate the possibility that they "maintain their own, often complex, economic lives." *Id*. at 1009. A court must therefore "carefully consider whether the [plaintiff's IFP] motion…demonstrate[s] a need for the applicant to maintain some of their own funds for necessities." *Id*. at 1010.

In this case, Mr. Alvarez's application to proceed *in forma pauperis* indicates that he provides no support to any family members or other individuals and that he spends $240 dollars each month on certain necessities of life that are not provided by the Department of Correction. ECF No. 6 at 3. He has submitted a copy of his inmate trust account statement, which shows that he had a balance of $3,000.96 dollars on the day his Complaint was filed. *Id.* at 7. This amount is significantly over the $405.00 required by the Connecticut District Court to initiate a civil action. Courts often deny motions for leave to proceed *in forma pauperis* when the applicants have such resources. *E.g., Cruz*, No. 3:20-cv-01435, slip op. (D. Conn. Apr. 27, 2021); *Hill*, No. 3:21-cv-00239, slip op. at 2 (D. Conn. Mar. 12, 2021).

Thus, the information submitted in support of Mr. Alvarez's motion to proceed *in forma pauperis* shows that paying the Court's filing fee of $405.00 will not interfere with his ability to "provide himself and [his] dependents with the necessities of life." *Adkins*, 335 U.S. at 339.

Accordingly, his *in forma pauperis* motion is **DENIED**.

The case is stayed until **December 6, 2024** to enable him to submit the filing fee. If he fails to submit the fee by **December 6, 2024**, his case will be dismissed without prejudice to refiling, once he is able to pay the fee.

**SO ORDERED** at New Haven, Connecticut, this 15th day of November, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE